UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM GEISLEMAN, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) No. 2:24-cv-00600-JMS-MKK ) |
| CASEY JACOBS CAMPBELL, *Nurse Practitioner,* JESSICA DUGAN, *Registered Nurse,* MAKAYLA WILLIS, *Registered Nurse,* D. LANTRIP, *Registered Nurse,* CENTURION HEALTH LLC, *Health Care Provider,* SHANE KOZIATEK, *Correctional Officer W.V.C.F.,* AND IVY, *Correctional Officer W.V.C.F.,* | ) ) ) ) ) ) ) |
| *Defendants.* | ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff William Geisleman is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("WVCF"). He filed this lawsuit alleging that Defendants Nurse Practitioner Casey Jacobs Campbell, Registered Nurse Jessica Dugan, Registered Nurse Makayla Willis, Registered Nurse D. Lantrip, Centurion Health LLC ("Centurion"), WVCF Correctional Officer Shane Koziatek, and WVCF Sgt. Ivy violated his constitutional rights by not properly treating him for a concussion and by forcibly restraining him to administer Narcan. [Filing No. 2.] Because Mr. Geisleman is incarcerated, this Court must screen his complaint before service on the Defendants. 28 U.S.C. § 1915A(a), (c).

**I.**
**SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a

1

claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes pro se complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.
## THE COMPLAINT

Mr. Geisleman's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). On July 8, 2024, Mr. Geisleman was asleep on the top bunk in his cell when he rolled off, landed head first on top of a plastic property box, was knocked "unresponsive," and sustained a concussion along with neck and back pain. [Filing No. 2 at 3.] His cellmate alerted correctional officers through an emergency communication button and Sgt. Ivy and Officer Koziatek arrived along with Nurse Dugan. [Filing No. 2 at 3.] Sgt. Ivy and Officer Koziatek helped Mr. Geisleman to a wheelchair and Nurse Dugan took his vital signs which were "high/altered." [Filing No. 2 at 3.] Sgt. Ivy, Officer Koziatek, and Nurse Dugan told Mr. Geisleman that he was being taken to the infirmary for further evaluation and, on the way, Sgt. Ivy asked him three times if he had smoked anything and Mr. Geisleman answered "no" each time. [Filing No. 2 at 3.]

Once Mr. Geisleman arrived at the infirmary, Nurse Dugan took his vital signs again which were still "altered/high," and then Nurse Practitioner Campbell ordered Nurse Dugan to administer

2

Narcan to him. [Filing No. 2 at 3.] Sgt. Ivy forcibly restrained Mr. Geisleman's head and told him to hold still while Nurse Dugan administered a single dose of Narcan. [Filing No. 2 at 4.]

Neither Sgt. Ivy, Officer Koziatek, Nurse Practitioner Campbell, Nurse Dugan, Nurse Lantrip, nor Centurion ever tried to assist Mr. Geisleman with a concussion or the head and back pain that resulted from rolling off the top bunk head first. [Filing No. 2 at 4.] Medical staff and WVCF staff then ordered that Mr. Geisleman undergo a drug screen, which came back negative, in order to "try and clear themselves for administering Narcan when [he] had told them he was not under the influence of a narcotic or anything else, [but instead] was suffering from a concussion." [Filing No. 2 at 4.] After passing the drug screen, Mr. Geisleman complained about a migraine but Nurse Lantrip told him to turn in a Request for Health Care and cleared him to walk back on his own to his cell after an hour and ten minutes of Narcan being administered. [Filing No. 2 at 4.]

Mr. Geisleman initiated this action on December 16, 2024 and requests a declaratory judgment stating that Defendants' actions violated his Eighth Amendment right to be free from cruel and unusual punishment, that "[t]he deliberate indifference that accompanied the denial of medical services and inadequate medical services" violated his Eighth Amendment right to be free from cruel and unusual punishment, and that refusing him medical treatment violated his Fourteenth Amendment rights. [Filing No. 2 at 4-5.] He also requests an injunction enjoining any retaliation by WVCF correctional officials, Centurion medical staff, or any Indiana Department of Correction employees and requiring them to provide him with proper medical care; and $50,000 in compensatory damages and $50,000 in punitive damages against each Defendant. [Filing No. 2 at 5.]

# III.
## DISCUSSION

### A.     Claims That Shall Proceed

*1.     Eighth and Fourteenth Amendment Claims Against Sgt. Ivy, Officer Koziatek, Nurse Practitioner Campbell, Nurse Dugan, and Nurse Lantrip*

The constitutional provision implicated by most of Mr. Geisleman's claims is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. For an inmate to state a claim under § 1983 for medical mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (construing *Estelle*).

"Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721-22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

Additionally, the Supreme Court has recognized that there is a liberty interest in refusing unwanted medical treatment that is protected by the Fourteenth Amendment. *See Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). A forcible medication claim may proceed under the Eighth

4

Amendment or the Fourteenth Amendment.  See *Perry v. Sims*, 990 F.3d 505, 511-12 (7th Cir. 2021).

Eighth and Fourteenth Amendments claims pursuant to 42 U.S.C. § 1983 **SHALL PROCEED** against Sgt. Ivy, Officer Koziatek, Nurse Practitioner Campbell, Nurse Dugan, and Nurse Lantrip.  These claims will be based on allegations that those Defendants were deliberately indifferent to Mr. Geisleman's injuries and forcibly administered Narcan.

**B.     Claims That Are Dismissed**

*1.     All Claims Against Nurse Willis*

Although Mr. Geisleman lists Nurse Willis as a Defendant, he does not set forth any allegations against her or otherwise explain how she was involved in any constitutional deprivations.  "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).  Because Mr. Geisleman has not alleged such personal involvement related to Nurse Willis, any claims against Nurse Willis are **DISMISSED** and the **CLERK** is directed to **TERMINATE** her as a party.

*2.     All Claims Against Centurion*

Private corporations acting under color of state law – including those that contract with the state to provide essential services to prisoners – are treated as municipalities for purposes of 1983 and can be sued when their actions violate the Constitution.  *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).  To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights.  *Dean*, 18 F.4th at 235.  "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019).

5

"Liability under this standard is difficult to establish, requiring a § 1983 plaintiff to prove that a municipality, either through an express policy or an implied policy of inaction, took deliberate action that was the moving force behind a constitutional injury." *Taylor v. Hugues*, 26 F.4th 419, 435 (7th Cir. 2022) (cleaned up). Liability may attach in two circumstances: First, "if an express municipal policy or affirmative municipal action is itself unconstitutional,…a plaintiff has a straightforward path to holding the municipality accountable…[and] a single instance of a constitutional violation caused by the policy suffices to establish municipal liability." *Id.* (cleaned up). Second, a plaintiff may show "gaps in express policies or…widespread practices that are not tethered to a particular written policy – situations in which a municipality has knowingly acquiesced in an unconstitutional result of what its express policies have left unsaid." *Id.* (cleaned up). Under this theory, a plaintiff "must typically point to evidence of a prior pattern of similar constitutional violations" to "ensure that there is a true municipal policy at issue, not a random event." *Id.* (cleaned up). A company such as Centurion "cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of respondeat superior for constitutional violations committed by [its] employees. [It] can, however, be held liable for unconstitutional…policies or customs." *Simpson v. Brown County*, 860 F.3d 1001, 1005-06 (7th Cir. 2017) (citing *Monell*, 436 U.S. at 690-91).

Mr. Geisleman fails to sufficiently allege the existence of a policy, practice, or custom by Centurion that resulted in a lack of adequate health care or forcible medication. His allegations regarding the actions of individual employees under Centurion's supervision are insufficient to state a *Monell* claim. Any claims against Centurion are **DISMISSED** and the **CLERK** is **DIRECTED** to **TERMINATE** Centurion as a party.

### 3. Request for Injunctive Relief

Mr. Geisleman seeks an "injunctive order" prohibiting Defendants from retaliating against him and requiring them to provide him with proper medical care for the remainder of his incarceration. [Filing No. 2 at 5.] "[Any] remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Mr. Geisleman has not explained why he would need an injunction to see medical staff related to a concussion that resulted from events which occurred nearly a year ago and why, and for what reason, he believes he will face retaliation and needs an injunction related to that retaliation. Additionally, Defendants are required under the law to not retaliate against Mr. Geisleman and to provide him with proper medical care, and any injunction requiring them to do those things would be improper. *See E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 841-42 (7th Cir. 2013). His claim for injunctive relief is **DISMISSED**.

### 4. Request for Declaratory Relief

Mr. Geisleman seeks a declaration that the denial of adequate medical treatment of, and deliberate indifference to, his serious medical needs violated his Eighth Amendment rights and that the forced administration of Narcan violated his Fourteenth Amendment rights. [Filing No. 2 at 4-5.] His request for declaratory relief is duplicative of his substantive Eighth and Fourteenth Amendment claims and the Court, in its discretion, **DISMISSES** that claim. *See Med. Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 378 (7th Cir. 2010); *Vill. of Sugar Grove v. F.D.I.C.*, 2011 WL 3876935, at *9 (N.D. Ill. Sept. 1, 2011) (dismissing declaratory judgment claim where court would "necessarily address [the same] issues in adjudicating [the plaintiff's] substantive claims").

## IV.
### CONCLUSION AND SERVICE OF PROCESS

The following claims are proceeding in this action:

- Eighth and Fourteenth Amendment claims against Sgt. Ivy, Officer Koziatek, Nurse Practitioner Campbell, Nurse Dugan, and Nurse Lantrip related to Mr. Geisleman's medical care for injuries he sustained after falling from his bunk and related to the forcible administration of Narcan.

All other claims have been dismissed and the **CLERK** is **DIRECTED** to **TERMINATE** Nurse Willis and Centurion as parties. If Mr. Geisleman believes that additional claims were alleged in the Complaint, but not identified by the Court, he shall have through **June 27, 2025** in which to file a motion to reconsider the screening order.

The **CLERK IS DIRECTED** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process electronically to Defendants Nurse Practitioner Campbell, Nurse Dugan, Nurse Lantrip, Sgt. Ivy, and Officer Koziatek in the manner specified by Rule 4(d). Process shall consist of: (1) Mr. Geisleman's Complaint filed on December 16, 2024, Filing No. 2; (2) applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons); and (3) this Order.

Defendants Nurse Practitioner Casey Jacobs Campbell, Nurse Jessica Dugan, and Nurse D. Lantrip are identified as Centurion employees. The **CLERK** is **DIRECTED** to issue process to Centurion. Centurion is **ORDERED** to provide the full name and last known address of any Defendant identified as a Centurion employee who does not waive service if it has such information. This information may be provided to the Court informally or may be filed *ex parte*.

Nothing in this Order prohibits the filing of a proper motion pursuant to Federal Rule of Civil Procedure 12.

Date: 5/30/2025

*signature*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

WILLIAM GEISLEMAN
#134160
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY
6908 S. Old US Hwy 41
Carlisle, IN 47838
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
    Shane Koziatek
    Sgt. Ivy
    (at Wabash Valley Correctional Facility)

Electronic service to Centurion Health LLC:
    Nurse Practitioner Casey Jacobs Campbell
    Nurse Jessica Dugan
    Nurse D. Lantrip